ARNOLDO CASILLAS, ESQ., SBN 158519
CASILLAS, MORENO & ASSOCIATES
3500 W. Beverly Blvd.
Montebello, CA 90640
Telephone: (323) 725-0917
Facsimile: (323) 725-0350
Email: acasillas@morenolawoffices.com

Attorneys for Plaintiffs,
ESTATE OF ANDY LOPEZ, by and
through successors in interest, RODRIGO
LOPEZ and SUJAY CRUZ, and
RODRIGO LOPEZ and SUJAY CRUZ,
individually.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANDY LOPEZ, BY AND THROUGH SUCCESSORS IN INTEREST, RODRIGO LOPEZ AND SUJAY CRUZ, AND RODRIGO LOPEZ AND SUJAY CRUZ, INDIVIDUALLY,<br><br>Plaintiffs,<br><br>vs.<br><br>ERICK GELHAUS, COUNTY OF SONOMA, DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | **Case Number:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Seizure (42 U.S.C. § 1983);<br>2. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983);<br>3. Substantive Due Process (42 U.S.C. § 1983);<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

COME NOW PLAINTIFFS ESTATE OF ANDY LOPEZ, by and through successors in interest, RODRIGO LOPEZ and SUJAY CRUZ, and RODRIGO LOPEZ and SUJAY CRUZ, individually, and allege as follows:

////

## INTRODUCTION

1. This civil rights action seeks to establish the true and unequivocal facts surrounding the shooting and killing by defendant deputy Erick Gelhaus and for violations of fundamental rights under the United States Constitution in connection with the shooting and killing of Andy Lopez on October 22, 2013.

2. Andy Lopez was a dynamic and vibrant boy. His death has been a profound and unimaginable loss to his parents, the present plaintiffs Rodrigo Lopez and Sujey Cruz.

3. Without cause or provocation Erick Gelhaus shot and killed Andy Lopez on October 22, 2013, as he walked along a rural residential neighborhood sidewalk. The shooting was absolutely unjustified and it is plaintiffs' goal here to show that the killing of Andy Lopez was a senseless and unwarranted act of police abuse.

## PARTIES

4. At all relevant times, Andy Lopez ("decedent") was an individual residing in Sonoma County, California. The claims made by the ESTATE OF ANDY LOPEZ, are brought by Rodrigo Lopez and Sujay Cruz, the successors in interest to the Estate of Andy Lopez pursuant to California Code of Civil Procedure § 377.32.

5. Plaintiffs RODRIGO LOPEZ and SUJAY CRUZ are and were, at all times relevant hereto, residents of Sonoma County, and are the natural father and mother of decedent ANDY LOPEZ.

6. Defendant SONOMA COUNTY (hereafter, "COUNTY"), is and, at all times mentioned herein, was a public entity, duly organized and existing under and by virtue of the laws of the state of California, with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible

for assuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and of the State of California.

7. The Sonoma County Sheriff's Office (hereinafter "SCSO") is a subdivision of defendant Sonoma County.

8. Defendant ERICK GELHAUS is a deputy sheriff working for the SCSO. He is sued in his official and individual capacity. At all times relevant to the present action, defendant GELHAUS was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COUNTY and the SCSO, as well as under the color of the statutes and regulations of the State of California. .

9. At all relevant times, each of DOES 1 through 10 were employees of the SCSO. At all times relevant herein, each of DOES 1 through 10 was an employee and/or agent of defendant COUNTY and he or she acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COUNTY and the SCSO, as well as under the color of the statutes and regulations of the State of California.

10. At all relevant times, each of the Defendants DOES 1 through 10 was acting within his or her capacity as an employee, agent, representative and/or servant of COUNTY and are sued in their individual capacities.

11. On information and belief, at all relevant times, defendants GELHAUS and DOES 1 through 10, inclusive, were residents of Sonoma County, California.

12. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

13. Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' and decedent's rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of the Defendants is the agent of the other.

**JURISDICTION AND VENUE**

14. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b), because defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, Sonoma County, California.

////
////
////

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

16. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. Andy Lopez was born on June 20, 2000, and was he was 13 years old, at the time of his death. He was five feet, three inches tall and weighed 140 pounds. In all respects he appeared to be a 13-year-old boy.

18. On Tuesday, October 22, 2013, at approximately, 3:15 p.m., Andy Lopez was walking along the sidewalk on Moorland Avenue near W. Robles Avenue in Sonoma County. Andy Lopez was carrying an airsoft-type toy rifle in his left hand at his side. He was returning the toy to a friend.

19. Persons traveling along Moorland Avenue who observed Andy Lopez observed that he was a boy and that he was carrying a toy.

20. As Andy Lopez walked alone along the sidewalk, he was adjacent to a large vacant lot to his left. There were no other persons in his immediate vicinity. He was not acting in a unusual, dangerous or otherwise suspicious manner.

21. As he walked northbound along the sidewalk, he was seen by two Sonoma County Sheriff's deputies traveling northbound in a marked SCSO patrol car along Moorland Avenue. Defendant Erick Gelhaus was the front passenger in the patrol car. The two deputies had stopped at the intersection of Moorland Avenue and W. Robles Avenue when they made their initial observations of Andy Lopez.

22. The deputies then sped toward Andy Lopez and stopped their patrol car in the southbound lane of Moorland Avenue within 35 feet of Andy Lopez. As they came to a stop, the deputies could tell that Andy Lopez was a young teenager. As the vehicle stopped, one of the deputies shouted out one command to Andy Lopez from within the patrol car. The deputies did not identify themselves as police officers.

23. The deputies knew that upon hearing their command, Andy Lopez would turn to face them.

24. As their patrol car came to a stop, the two deputies opened their doors and simultaneously stepped out of the patrol car as it came to a stop. They both drew their sidearms and pointed them at Andy Lopez.

25. As they did so, Andy Lopez turned to his right in response to their command. The toy gun was at his side.

26. As Andy Lopez was in turning to his right, defendant Erick Gelhaus fired his pistol at Andy Lopez.

27. From the time that the deputies called out to Andy Lopez until the time that Erick Gelhaus fired his first shot, only three seconds elapsed.

28. The first bullet that was fired hit Andy Lopez and he fell to the ground immediately. Defendant Gelhaus continued to fire at Andy Lopez as he lay on the ground.

29. Defendant Gelhouse shot indiscriminately with several shots missing Andy Lopez and striking a nearby home.

30. Prior to being shot, Andy Lopez was unaware that the deputies were present.

31. Prior to being shot, Andy Lopez did not make any threatening gestures or movements.

32. The gunshots that struck Andy Lopez caused him great pain and suffering. Some time after being shot, he died on the sidewalk.

33. Andy Lopez was a kind and charismatic boy who was loved by his family and friends. His parents, the present plaintiffs, enjoyed a strong and meaningful relationship with their son that was full of love.

////
////
////
////

## FIRST CLAIM FOR RELIEF
## Unreasonable Seizure
## (42 U.S.C. § 1983)
## (Against Erick Gelhaus)

34. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35. At the time that Andy Lopez was shot, he was not engaging in, nor had he engaged in, any assaultive or threatening conduct. He posed no danger or threat to defendant Gelhaus or anyone else. The shooting and killing of Andy Lopez was unreasonable under the circumstances in every respect.

36. When defendant Gelhaus shot and killed Andy Lopez, he violated Andy Lopez' right to be free from unreasonable seizures as guaranteed under the Fourth Amendment to the United States Constitution.

37. Erick Gelhaus' shooting and killing of Andy Lopez was willful and done with a deliberate disregard for the rights and safety of Andy Lopez and, therefore, warrants the imposition of punitive damages as to defendant Gelhaus.

## SECOND CLAIM FOR RELIEF
## Municipal Liability for Unconstitutional
## Customs and Practices
## (42 U.S.C. § 1983)
## (Against Defendants SONOMA COUNTY and DOES 1 through 10)

38. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as though fully set forth herein.

39. On and before October 22, 2013 and prior to the shooting of Andy Lopez, Defendant SONOMA COUNTY and DOES 1 through 10 were aware that

Defendant Erick Gelhaus had engaged in a custom and practice of reckless and dangerous use of firearms and other misconduct:

a. As far back as 1996, Erick Gelhaus demonstrated unfitness to work as a peace officer when he responded to a call involving Karin Futch. Upon arriving at her home in response to a neighbor dispute she reported, he pulled his firearm and pointed it at Ms. Futch who was carrying her young son. He chased her around her vehicle causing her great fear and anxiety.

b. In about 1996 also, Erick Gelhause and his then partner were accused of falsifying police reports in a domestic violence matter. Erick Gelhaus' partner was fired for the misconduct.

c. In October of 2013, Erick Gelhaus made a routine traffic stop of Jeffrey Westbrook and recklessly and unnecessarily pointed his pistol at Mr. Westrook's head while he sat in his car.

d. In 1995, Erick Gelhaus shot himself in the leg during a stop and search involving a teenager.

40. Defendants SONOMA COUNTY and DOES 1 through 10, acting with deliberate indifference to the rights and liberties of the public in general, and of the present plaintiffs and decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied customs and practices of:

a. Encouraging, accommodating, or ratifying shootings of citizens; the use of excessive and unreasonable force, including deadly force;

b. Encouraging, accommodating, or facilitating a "code of silence" among SCSO deputies and supervisors, pursuant to which false reports were generated and excessive and unreasonable force was covered up.

c. Employing and retaining, as deputy sheriffs and other personnel, individuals such as defendant Erick Gelhaus, who said defendants

        knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens;

    d. Inadequately supervising, training, controlling, assigning, and disciplining COUNTY sheriffs deputies, including defendant Gelhaus who said defendants knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    e. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling intentional misconduct by deputies,.

    f. By failing to discipline SCSO sheriffs deputies for misconduct, including, but not limited to, unlawful detention, excessive force and false reports;

41. By reason of the aforementioned customs and practices, Andy Lopez was severely injured and subjected to pain and suffering and lost his life.

42. Defendants COUNTY and DOES 1 through 10 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such customs and practices. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of decedent, Plaintiffs, and other individuals similarly situated.

43. The policies, practices, and customs implemented and maintained and still tolerated by Defendant COUNTY were affirmatively linked to and were a significantly influential force behind the injuries of decedent and Plaintiffs.

44. By reason of the aforementioned acts and omissions Andy Lopez was killed and his parents suffered the loss of his love, affection, society and moral

support.

45. Accordingly, Defendant COUNTY and DOES 1 through 10 are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF
### Interference with Familial Integrity
### Substantive Due Process Violation (42 U.S.C. § 1983)
### (Against Defendants Erick Gelhaus, Sonoma County, and DOES 1 through 10, inclusive)

46. Plaintiffs Rodgrigo Lopez and Sujay Cruz repeat and re-allege each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47. The present claim is brought pursuant to 42 U.S.C., section 1983, for violation of the right of familial integrity guaranteed by the Fourteenth Amendment of the U.S. Constitution.

48. As alleged above, the shooting of Andy Lopez was unreasonable under the circumstances of the encounter between Andy Lopez and Defendant Erick Gelhause.  As such, the shooting and killing of Andy Lopez violated the constitutional limits on police use of deadly force; i.e., the Fourth Amendment's limits on unreasonable seizures.

49. At the same time, the shooting and killing of Andy Lopez by Erick Gelhaus violated the rights of Rodrigo Lopez and Sujay Cruz to be free from police interference in their relationship with their son, Andy Lopez.

50. The unreasonable conduct of Erick Gelhaus was the direct and proximate cause of the death of Andy Lopez.  As a result of the unreasonable conduct of Erick Gelhaus, plaintiffs Rodrigo Lopez and Sujay Cruz lost their son Andy Lopez as well as his love, affection, society and moral support.

51. Erick Gelhaus's shooting and killing of Andy Lopez was willful and done with a deliberate disregard for the rights and safety of Andy Lopez and

10

therefore warrants the imposition of punitive damages as to defendants Gelhaus.

52. Erick Gelhaus' shooting and killing of Andy Lopez was willful and done with a deliberate disregard for the rights of Rodrigo Lopez and Sujay Cruz and therefore warrants the imposition of punitive damages as to defendant Gelhaus.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages in the amount to be proven at trial;
B. For punitive damages against defendant Erick Gelhaus in an amount to be proven at trial;
C. For interest;
D. For reasonable costs of this suit and attorneys' fees, including attorneys fees pursuant to 42 U.S.C. § 1988; and;
E. For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully Submitted,

Dated: November 4, 2013         CASILLAS, MORENO & ASSOCIATES

By     /s/ *Arnoldo Casillas*
ARNOLDO CASILLAS
ATTORNEY FOR PLAINTIFFS
ESTATE OF ANDY LOPEZ, RODRIGO LOPEZ, SUJAY CRUZ

**DEMAND FOR JURY TRIAL**

COME NOW PLAINTIFFS ESTATE OF ANDY LOPEZ, RODRIGO LOPEZ, and SUJAY CRUZ and demand a trial by jury.

Dated: November 4, 2013          CASILLAS, MORENO & ASSOCIATES

                                 By  /s/ *Arnoldo Casillas*
                                     ARNOLDO CASILLAS
                                     ATTORNEY FOR PLAINTIFFS
                                     ESTATE OF ANDY LOPEZ, RODRIGO
                                     LOPEZ, SUJAY CRUZ